**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PHILLIP RISHEL,                                      :
                                                     :
                              Plaintiff,             :
                                                     :
                v.                                   :   Civil Action No. 5:25-CV-03779-JLS
                                                     :
CITY OF ALLENTOWN, DEAN FLYTE,                       :
and CHRISTOPHER STEPHENSON,                          :
                                                     :
                              Defendants.            :

**DEFENDANTS, CITY OF ALLENTOWN, (RETIRED) OFFICER DEAN FLYTE, AND
SERGEANT CHRISTOPHER STEPHENSON'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, City of Allentown (the "City"), (retired) Officer Dean Flyte ("Officer Flyte")

and Sergeant Christopher Stephenson ("Sgt. Stephenson") (hereafter referred to as

"Defendants"), by and through their undersigned counsel, MacMain Leinhauser PC, hereby file

this Answer to Plaintiff's Complaint denying each and every averment set forth therein except

those expressly admitted below:

**INTRODUCTION**[1]

1.      Denied.

2.      Denied. The averments in this paragraph constitute conclusions of law to which

no response is required and are therefore denied.

3.      Denied. By way of further response, while Defendants lack sufficient knowledge

or information to form a belief as to the motivations of Plaintiff's conduct, Plaintiff has, on

several occasions, harassed and followed Allentown police officers, in addition to filming them,

including filming their personal vehicles. At no time has Plaintiff articulated any conduct by the

---

[1] For consistency, Defendants adopt the headings employed in the Complaint but deny them to the extent they are factual or substantive. Defendants further deny and decline to adopt any of the subheadings within the Complaint.

1

Allentown Police Department ("APD") that he seeks to protest or to which he seeks to "bring public attention." By way of further response, upon information and belief, Plaintiff selectively starts and stops his filming strategically to avoid documenting his unlawful and/or unprotected behavior, which includes, but is not limited to, harassment, trespassing, and interfering with official police duties, including, *inter alia*, blocking ingress and egress to APD parking facilities and filming officers' personal vehicles. By way of further response, Plaintiff frequently covers his face and obscures his identity during these interactions.

4.      Denied. It is specifically denied that Defendant Flyte "aim[ed]" his vehicle at Plaintiff. To the contrary, after striking the side of the garage entrance, Defendant Flyte attempted to park his vehicle away from the lanes of traffic along the sidewalk to avoid blocking the street, which was already narrowed by ongoing construction.

5.      Denied. The averments in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

6.      Admitted in part and denied in part. It is admitted that a criminal complaint was filed, charging Plaintiff with disorderly conduct and related violations of City ordinances, including disorderly conduct and loitering.

7.      Denied. The averments in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

8.      Denied. The averments in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent the averments do not constitute conclusions of law, the same are denied.

9.      Denied. The averments in this paragraph constitute conclusions of law to which no response is required and are therefore denied. To the extent the averments do not constitute conclusions of law, the same are denied.

10.     Denied.

## JURISDICTION AND VENUE

11.     Denied. Defendants do not contest jurisdiction or venue. The merits of the Complaint are denied.

12.     Denied. Defendants do not contest jurisdiction or venue. The merits of the Complaint are denied.

13.     Denied. Defendants do not contest jurisdiction or venue. The merits of the Complaint are denied.

14.     Denied. Defendants do not contest jurisdiction or venue. The merits of the Complaint are denied.

15.     Denied. Defendants do not contest jurisdiction or venue. The merits of the Complaint are denied.

## (ALLEGED) PARTIES

16.     Admitted in part and denied in part. It is admitted that, upon information and belief, Plaintiff resides in Allentown. The remainder of the averments in this paragraph are denied.

17.     Admitted in part and denied in part. It is admitted only that the City of Allentown is a municipality organized and existing pursuant to the laws of the Commonwealth of Pennsylvania. The remainder of the averments in this paragraph are denied.

18.     Admitted in part and denied in part. It is admitted only that Officer Flyte was at all times relevant a police officer employed by the City. The remainder of the averments in the paragraph are denied.

19.     Admitted in part and denied in part. It is admitted only that Sergeant Stephenson was at all times relevant a police officer employed by the City. The remainder of the averments in the paragraph are denied.

## (ALLEGED) FACTUAL ALLEGATIONS

20.     Denied.

21.     Denied. To the extent that averments in this paragraph refer to a civil lawsuit, any characterizations of the same are denied.

22.     Denied. To the extent that averments in this paragraph refer to a civil lawsuit, any characterizations of the same are denied.

23.     Denied. To the extent that averments in this paragraph refer to a civil lawsuit, any characterizations of the same are denied.

24.     Denied. To the extent that averments in this paragraph refer to a civil lawsuit, any characterizations of the same are denied.

25.     To the extent that averments in this paragraph refer to a civil lawsuit, any characterizations of the same are denied.

26.     To the extent that averments in this paragraph refer to a civil lawsuit, any characterizations of the same are denied.

27.     Denied.

28.     Denied. By way of further response, Defendants specifically deny any liability or "misconduct" related to the incidents alleged in paragraphs 21 through 27 of the Complaint and Plaintiff's characterizations of those incidents. It is further specifically denied that details of the alleged incidents "came to light" as result of any filming by civilians.

29.     Denied.

30.     Denied.

31.    Denied. By way of further response, Plaintiff has, on multiple occasions, disrupted police activity by blocking ingress and egress to police facilities, and has harassed City police officers, including recording them and their personal vehicles while off duty and not performing official functions.

32.    Denied.

33.    Denied. By way of further response, Plaintiff, dressed in black and wearing a mask, was blocking the gated entrance/exit to the government parking deck on the date averred in this paragraph, causing users of the parking garage to feel threatened.

34.    Denied as stated. Captain Gross advised Plaintiff that he could not block the entrance/exit to the parking garage.

35.    Denied.

36.    Denied.

37.    Admitted in part and denied in part. It is admitted that Plaintiff made a complaint concerning Captain Gross and the complaint was deemed unfounded. The remaining averments in this paragraph are denied.

38.    Denied as stated. On the date averred in this paragraph, Plaintiff, with his face obscured by a face-covering, appeared outside the APD precinct at 1001 Hamilton Street and stood with his bicycle alternatively in front of the entranceway to the secure APD parking facility, blocking ingress and egress, and on the narrow strip of sidewalk between the entranceway and Court Street at the intersection of 10th Street and Court Street. The strip of sidewalk and the adjacent streets are so narrow that positioning himself in such a manner impeded the ability of APD personnel to safely ingress and egress the parking facility and interfered with official police functions. The remainder of the averments in this paragraph are

denied. By way of further response, Plaintiff, upon information and belief, stopped recording with his cell phone, during the times in which he positioned himself directly in front of the entranceway.

39.     Denied as stated. It is admitted only that Officer Flyte looked at the sign. The remainder of the averments in this paragraph are denied. By way of further response, any characterizations of the video of the event taken by Plaintiff are denied.

40.     Admitted in part and denied in part. It is admitted only that Plaintiff uttered the statement in the quotation in this paragraph. The remainder of the averments are denied. By way of further response, any characterizations of the video of the event taken by Plaintiff are denied.

41.     Denied. By way of further response, any characterizations of the video of the event taken by Plaintiff are denied.

42.     Denied. By way of further response, while Plaintiff was not recording, he positioned himself directly in front of the entranceway to the garage, prompting Officer Flyte to attempt to avoid Plaintiff's last known locations while exiting. As a result, Officer Flyte scraped the side of entranceway with his police vehicle. By way of further response, the image attached to the Complaint in this paragraph appears to be still-image from a cell-phone video taken by Plaintiff, which is taken out of context. Any characterizations of the video are denied.

43.     Denied as stated. After striking the side of the entranceway, Officer Flyte attempted to park his vehicle along the sidewalk in a manner that would not impede traffic. Plaintiff impeded Officer Flyte's path, prompting him to use his horn to prompt Plaintiff to move.

44.     Denied as stated. After striking the side of the entranceway, Officer Flyte attempted to park his vehicle along the sidewalk in a manner that would not impede traffic. By

way of further response, the image attached to the Complaint in this paragraph appears to be still-image from a cell-phone video taken by Plaintiff, which is taken out of context. Any characterizations of the video are denied.

45.    Denied. By way of further response, after striking the side of the entranceway, Officer Flyte attempted to park his vehicle along the sidewalk in a manner that would not impede traffic. Plaintiff impeded Officer Flyte's path, prompting him to use his horn to prompt Plaintiff to move. By way of further response, the image attached to the Complaint in this paragraph appears to be still-image from a cell-phone video taken by Plaintiff, which is taken out of context. Any characterizations of the video are denied.

46.    Admitted in part and denied in part. It is admitted only that Officer Flyte exited his vehicle and reentered the building. The remainder of the allegations are denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied. By way of further response, to the extent that the averments in this paragraph contain quotations from a video, the content of the video speaks for itself, and any characterizations thereof are denied.

51.    Denied. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

52.    Denied as stated. It is admitted only that the still image incorporated within this paragraph depicts four officers aside from Sgt. Stephenson. It is specifically denied that these officers had "emerged" from the precinct. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

53.     Denied. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

54.     Denied.

55.     Denied as stated. It is admitted that Plaintiff returned to the same location on March 27, 2024. By way of further response, it is denied that Plaintiff did not interfere with police activity or impede pedestrian traffic or ingress and egress into the parking garage. By way of further response, Plaintiff, at various times, stood directly in front of the garage entranceway and positioned himself in a manner to cause the most possible disruption to police activity. Upon information and belief, Plaintiff stopped recording with his cell phone during the times in which he positioned himself directly in front of the entranceway.

56.     Denied as stated. Sergeant Iannetta and Plaintiff had a conversation. The characterizations of that conversation are denied. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

57.     Denied as stated. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

58.     Denied. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

59.     Denied. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

60.     Denied. By way of further response, the video depicting the interaction speaks for itself, and any characterizations thereof are denied.

61.     Denied as stated. It is admitted that Sergeant Stephenson filed a criminal complaint charging Plaintiff with the offenses listed in this paragraph. The remaining averments in this paragraph are denied.

62.     Denied.

63.     Denied.

64.     Denied as stated. On Jun 17, 2024, Sergeant Stephenson attended a preliminary hearing regarding the charges before Magisterial District Judge Rashid Santiago in the matter of *Commonwealth of Pennsylvania v. Phillip Rishel*, Docket No. MJ-31102-CR-0000127-2024. The remaining allegations state conclusions of law to which no response is required and are therefore denied.

65.     Denied.

66.     Denied. By way of further response, upon information and belief, Plaintiff stopped recording with his cell phone during the times in which he positioned himself directly in front of the entranceway.

67.     Denied. By way of further response, the loitering charge was moved to the non-traffic docket at Docket No. MJ-31102-NT-0000345-2024.

68.     Denied.

69.     Admitted in part and denied in part. It is admitted only that Plaintiff was found guilty of the loitering charge at the Magisterial District Court. The remaining averments in this paragraph are denied. By way of further response, to the extent the allegations in this paragraph state conclusions of law, no response to the same is required, and they are therefore denied.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and they are therefore denied. By way of further response, the YouTube video appears to be edited and it is specifically denied that it accurately reflects the incidents in question. The remaining averments in this paragraph are denied.

71.     Denied. It is specifically denied that Plaintiff submitted any formal complaints to the Allentown Police Department.

72.     Admitted in part and denied in part. It is admitted only that Assistant Chief Gress and Captain Pammer attempted to meet with Plaintiff. It is further admitted that Officer Flyte is retired. The remaining averments in this paragraph are denied.

73.     Denied. It is specifically denied that Plaintiff submitted any formal complaints to the Allentown Police Department.

74.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. By way of further response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and they are therefore denied.

75.     Denied.

76.     Denied.

77.     Denied.

### (ALLEGED) CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Alleged) First Amendment Violations**
**(Against Defendants Flyte and Stephenson, in their individual capacities)**

78.     Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

79.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

80.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

81.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

82.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

83.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

84.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

85.     (a)-(e). Denied. The averments in this paragraph, including its subparts, state legal conclusions to which no responsive pleading is required and therefore are denied.

86.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

87.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

88.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

89.     Denied.

90.     Denied.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

**SECOND CAUSE OF ACTION**
**(Alleged) First Amendment Violations**
**(Against Defendant City of Allentown)**

91.     Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

92.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

93.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. To the extent the averments are not deemed to be conclusions of law, the same are denied.

94.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

95.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. To the extent the averments are not deemed to be conclusions of law, the same are denied.

96.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. To the extent the averments are not deemed to be conclusions of law, the same are denied.

97.     Denied.

98.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. To the extent the averments are not deemed to be conclusions of law, the same are denied.

99.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. To the extent the averments are not deemed to be conclusions of law, the same are denied.

100.     Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. To the extent the averments are not deemed to be conclusions of law, the same are denied.

101.    Denied.

102.    Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to damages and relief are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### THIRD CAUSE OF ACTION
### (Alleged) Common Law Assault
### (Against Defendant (retired) Officer Flyte, in his individual capacity)

103.    Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

104.    Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

105.    Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. By way of further response, Defendants lack sufficient knowledge or information to form a belief as to remaining averments in this paragraph and therefore they are denied.

106.    Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

107.    Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injuries, damages, and relief are specifically denied and strict proof is demanded at trial.

108.    Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injuries, damages, and relief are specifically denied and strict proof is demanded at trial.

109.    The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injuries, damages, and relief are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## AFFIRMATIVE DEFENSES

Defendants have not yet obtained adequate discovery from Plaintiff in connection with this action to fully understand Plaintiff's Complaint, and therefore, Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, on which relief can be granted, and further fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of the Defendants violated any of Plaintiff's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, the Defendants' actions were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

## SIXTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants act in bad faith, or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff's health, safety, welfare, and constitutional rights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

Any injury or damages sustained by Plaintiff are a direct and proximate result of Plaintiff's conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct, including, but not limited to, refusing to comply with law enforcement, harassing law enforcement, blocking ingress and

egress from law enforcement facilities, interfering with official law enforcement functions, video-recording personal and private information, including, but not limited to, personal vehicles of law enforcement personnel, and engaging in criminal conduct, including, but not limited to, loitering.

<strong><u>TENTH AFFIRMATIVE DEFENSE</u></strong>

At no time material hereto were Defendants deliberately indifferent to the constitutional rights of Plaintiff.

<strong><u>ELEVENTH AFFIRMATIVE DEFENSE</u></strong>

Defendants' actions were privileged and/or Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

<strong><u>TWELFTH AFFIRMATIVE DEFENSE</u></strong>

At all times material hereto, the Defendants' actions were appropriate under the circumstances and based upon a reasonable, good-faith belief that probable cause existed to arrest and/or charge Plaintiff.

<strong><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></strong>

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Political Subdivision Tort Claims Act 42 Pa. CSA § 8451, *et seq*. All defenses therein are incorporated by reference as though fully set forth at length herein.

<strong><u>FOURTEENTH AFFIRMATIVE DEFENSE</u></strong>

At all times material hereto, Defendants' actions were appropriate and reasonable where Plaintiff's actions interfered with police activity and threatened officer safety.

<strong><u>FIFTEENTH AFFIRMATIVE DEFENSE</u></strong>

Plaintiff's claims fail because Plaintiff did not engage in protected conduct where his

actions interfered with official police activity, interfered with the privacy rights of City personnel, and threatened the safety of others by causing hazardous conditions while blocking vehicular ingress and egress from City facilities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert every defense available to them in the existing Civil Rights Act, 42 U.S.C. § 1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material to this litigation, Plaintiff was treated in a proper and lawful manner in accordance with all the United Stated Constitution, the Constitution of the Commonwealth of Pennsylvania, and all state and federal laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants, retired Officer Dean Flyte and Sergeant Christopher Stephenson are entitled to qualified immunity.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant Flyte did not violate clearly established law and, at all times material to this litigation, acted in a manner which was proper, reasonable, and lawful and in the exercise of good faith and, as such, enjoys not only a right to qualified immunity but also a right not to go to trial as articulated in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant Stephenson did not violate clearly established law and, at all times material to this litigation, acted in a manner which was proper, reasonable, and lawful and in the exercise of good faith and, as such, enjoys not only a right to qualified immunity but also a right not to go to trial as articulated in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

**<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**

Defendant Flyte had probable cause to arrest and charge Plaintiff for state law disorderly conduct and violation of City ordinances for Disorderly Conduct and Loitering relating to Plaintiff's actions on March 27, 2024.

**<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**

No act, action, or omission of Defendants was the proximate cause or legal cause of any damage allegedly sustained by Plaintiff and this states a complete defense to the within causes of action.

**<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**

Plaintiff fails to set forth sufficient facts to meet the elements of First Amendment violations, assault, and/or *Monell* violations under Federal or State law.

**<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**

Neither the City of Allentown nor any of its employees or agents acted with deliberate indifference toward the Constitutional Rights of those with whom the City or its employees came into contact.

**<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

No act or actions of Defendants deprived Plaintiff of his liberty.

**<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's First Amendment claims fail as Plaintiff not deprived of right to freedom of speech, nor was he retaliated against for engaging in any protected conduct.

**<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

Some or all of Plaintiff's conduct and speech was not protected conduct under the First Amendment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's First Amendment claims fail because Plaintiff was engaging in the use of unprotected conduct, including, but not limited to, harassment, filming police outside of their official duties, and interfering with police activity, and recording police officers and police facilities for no purpose other than to provoke an interaction and distract and divert resources away from other legitimate law enforcement activity.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, as probable cause existed for the charges.

## THIRTIETH AFFIRMATIVE DEFENSE

At no time material hereto did the City of Allentown, or any of its agents or employees, adopt, permit, or follow, either formally or informally, a policy, custom, or practice of violating a person's constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times material hereto, the policies and procedures of the City of Allentown have been reasonable and appropriate and have ensured the protection of all rights, privileges, and immunities of all individuals, including Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

At all times material hereto, the training of police officers employed by the City of Allentown was sufficient and appropriate to ensure the protection of all rights, privileges, and immunities of all individuals, including Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

At all times material hereto, the City of Allentown was not on notice of any problems or deficiencies in its policies, practices, or training relating to the rights of citizens to express their viewpoints and/or video record police personnel performing their official functions.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

**MacMAIN LEINHAUSER PC**

Dated: <u>November 17, 2025</u>        By:    <u>*/s/ David J. MacMain*</u>
David J. MacMain
Brian C. Conley
Attorney I.D. Nos. 59320 / 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
bconley@macmainlaw.com
484-318-7106
*Attorneys for Defendants City of Allentown,*
*Retired Police Officer Dean Flyte, and*
*Sergeant Christopher Stephenson*

**CERTIFICATE OF SERVICE**

I, David J. MacMain, Esquire, hereby certify that on this 17th day of November 2025, the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania. The following party received notification of this via ECF:

Colin P. McDonell, Esquire
James C. Grant, Esquire *(pro hac vice)*
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
P.O. Box 40128
Philadelphia, PA 19106
*Attorneys for Plaintiff*

Zachary T. Silver, Esquire *(pro hac vice)*
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
*Attorney for Plaintiff*

**MacMAIN LEINHAUSER PC**

Date: November 17, 2025          By:     */s/ David J. MacMain*
David J. MacMain
PA Attorney I.D. No. 59320
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
484-318-7106
*Attorney for Defendants City of Allentown, Retired Police Officer Dean Flyte, and Sergeant Christopher Stephenson*