**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILLIP RISHEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:25-CV-03779-JLS |
| | : | |
| CITY OF ALLENTOWN, DEAN FLYTE, | : | |
| and CHRISTOPHER STEPHENSON, | : | |
| | : | |
| Defendants. | : | |

**CONFIDENTIALITY STIPULATION AND PROPOSED ORDER**

**I.      PURPOSE AND LIMITATIONS**

A.      Plaintiff, Phillip Rishel, and Defendants, the City of Allentown, Dean Flyte, and

Sergeant Christopher Stephenson (collectively "Defendants"), believe that discovery in the

above-captioned action (the "Action") may involve the disclosure of Confidential Information

and/or information for which special protection may be warranted under Federal Rule of

Procedure 26.

B.      Accordingly, the Parties hereby stipulate to and petition the Court to enter the

following Confidentiality Stipulation and Proposed Order (this "Order").

C.      The Parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery, the protection it affords from public disclosure and use

extends only to the limited information or items that are entitled to confidential treatment under

the applicable legal principles and this Order, and it does not create an automatic presumption

that Confidential Information may be filed under seal, as set forth herein below.

**II.      DEFINITIONS**

A.      <u>Confidential Information</u>. When used in this Order, the term "Confidential

Information" means any information, document, thing, or portion thereof that reflects or

contains: (a) medical records, personal financial records, such as tax records, and personally identifying information protected under Federal Rule of Civil Procedure 5.2(a); (b) non-public information pertaining to personnel compensation, evaluations, performance, or discipline; and (c) non-public information received in confidence from, or that is subject to a confidentiality obligation to third parties ("third party information"); (d) documents and information which, if disclosed, would compromise the safety or security of the City of Allentown and/or the Allentown Police Department or individual officers, including, but not limited to, such internal investigative records, if any, and videos depicting the interior of secured facilities; and (e) all Internal Affairs investigation files of any present or former employee, official, or representative of the City of Allentown and/or the Allentown Police Department.

      B.        Challenging Party. A Party or Non-Party that challenges the designation of information or items under this Order.

      C.        Designating Party. A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

      D.        Disclosure or Discovery Material. All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are divulged, revealed, described, transmitted, produced or generated in disclosures or responses to discovery in this matter, or otherwise communicated, including oral testimony.

      E.        Document. When used in this Order, the term "Document" means all writings, drawings, graphs, charts, recordings, computer disks, electronically stored information, data and compilations of data, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

F.      Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

G.      Producing Party. A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

H.      Professional Vendors. Persons or entities that provide litigation support services (e.g., electronic discovery hosting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

I.      Receiving Party. A Party that receives a Document or Disclosure or Discovery Material from a Producing Party.

III.    **SCOPE AND EXCLUSIONS**

A.      The protections conferred by this Order cover not only Confidential Information (as defined above), but also: (a) any information copied or extracted from Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.

B.      Exclusions. Confidential Information shall not include: (a) any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Order or any other confidentiality agreement or obligation); or (b) any information which is disclosed to any Party in good faith by a third party not affiliated with or employed by any Party, who has the legal right to make such disclosure.

3

IV.    **DURATION AND TERMINATION**

A.    Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all persons having received Confidential Information shall either: (a) make a good-faith and reasonable effort to return such materials and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (b) make a good-faith and reasonable effort to destroy all such Confidential Information, and upon request certify to that fact in writing to counsel for the Producing Party. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of Documents constituting work product, copies of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

V.    **CONFIDENTIAL INFORMATION**

A.    <u>Designating Confidential Information</u>. Counsel for any Party, or any third party to whom discovery requests or a subpoena are issued in this matter, may designate material produced in the course of discovery as "Confidential" only if counsel determines in good faith that such material meets the definition of Confidential Information, as defined in Section II. A, *supra*. Nothing in this Order limits the rights of any third party on whom a subpoena is served to object to the subpoena and assert any issues regarding the confidentiality of any materials or information sought.

1.    Each Party or Non-Party that designates material as "Confidential" under this Order must take care to limit any such designation to specific material that qualifies

4

as Confidential Material as defined in Section II.A. above. The Designating Party must limit such designation to only that information or portions of documents or things that qualify.

2.    Erroneous Designation. If it comes to a Designating Party's attention that information or items that it designated as "Confidential" do not qualify for protection under this Order, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

B.    Procedures for Designating Confidential Information. The designation of Confidential Information, Documents, and Disclosure or Discovery Material as "Confidential" shall be made in the following manner:

1.    By writing, typing, or stamping "CONFIDENTIAL" on the face of any materials upon their initial production to the Receiving Party; or by including "CONFIDENTIAL" in the file or directory name; or by affixing "CONFIDENTIAL" to the media containing the Discovery Material (e.g., CD-ROM).  If only a portion or portions of the material contain Confidential Information, the Producing Party shall identify the specific portion(s).

2.    If including a "Confidential" designation or label is impractical or not possible, the Producing Party may designate materials as "Confidential" by written notice to opposing counsel by setting forth a description of each Document or other material and the specific portion(s) of each that the Producing Party asserts is Confidential Information. to be designated as "CONFIDENTIAL."

C.    Limitation on Use. Unless otherwise ordered by the Court, or otherwise provided for herein, any Confidential Information will be held and used by the Receiving Party solely for use in connection with this Action.

D.	Permitted Disclosures. Confidential Information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity, or judicial tribunal other than:

1.	This Court or a court with appellate jurisdiction;

2.	Counsel for the Parties retained in or working on this Action, including co-counsel and in-house counsel;

3.	Agents under the supervision of such counsel;

4.	The Parties in this action;

5.	In the case of Confidential Information designated and produced by Defendants only, officers and employees of the City of Allentown, to the extent deemed necessary by counsel for Defendants for the prosecution, defense, or settlement of this Action.

6.	Deponents and their counsel during depositions;

7.	Witnesses or prospective witnesses and their counsel in this Action;

8.	Stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this Action;

9.	Experts and consultants, as defined in Section II.F. of this Order;

10.	Professional Vendors, as defined in Section II.H. of this Order;

11.	Any arbitrator, mediator, or case evaluator; and

12.	By order of any Court of competent jurisdiction.

E.	Filing Confidential Information

1.	If any Party intends to file Documents or other materials with the Court which have been designated by the Producing Party as constituting or containing

Confidential Information, the Party intending to make such filing or use such information shall provide all other Parties five (5) days advance notice. Any Party seeking to file its own designated Confidential Information or attach or quote its own designated Confidential Information may do so without the advance notice set forth in this paragraph.

2.    If any Party contends that any Confidential Information should be sealed in the Court records, the Party may seek an appropriate order pursuant to Eastern District of Pennsylvania Local Civil Rule 5.1.5.

F.    Use in Depositions

1.    If Confidential Information contained in a Document, Disclosure, or Discovery Material is used during a deposition of a witness in this action, the Confidential Information shall be marked "CONFIDENTIAL" and the portion of the record or transcript in which Confidential Information is recited or made an exhibit thereto shall be deemed Confidential Information under this Order.

2.    In the case of depositions or other pre-trial testimony, counsel for the Parties shall: (a) note for the record at the time of the deposition or other pre-trial testimony, those portions of the testimony being preserved upon the record which said counsel believes in good-faith should be designated as "CONFIDENTIAL"; or (b) by written notice, sent to all Parties within fourteen (14) business days of receipt of the final transcript of the deposition or other pre-trial testimony, stating that the entire deposition transcript or pre-trial testimony, or specific designated parts thereof, are so designated.

G.    Use in Court Proceedings. Prior to the use of any Confidential Information in a court proceeding, counsel for any Party seeking to disclose Confidential Information shall confer

in good faith with counsel for the Designating Party on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information. If the Designating Party does not consent to the disclosure, the Confidential Information shall not be automatically filed under seal and the Party who objects to the disclosure may seek a Court order requiring the Confidential Information to be filed under seal. This paragraph does not modify the requirements set forth in Section V.F or Section VI of this Order.

H.      Inadvertent Failures to Designate. The inadvertent or unintentional failure to designate a Document or other material as "Confidential" at the time of disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Producing Party, upon discovering the inadvertent or unintentional failure to so designate, promptly notifies the Receiving Party in writing of the corrected designation. Good-faith disclosure of such Confidential Information prior to receipt of such notice shall not be deemed a violation of this Order. However, once a Receiving Party is given timely notice by the Producing Party of the corrected designation, the Receiving Party shall make all reasonable efforts to obtain the return of such undesignated material from all persons or entities to whom disclosure of Confidential Information is not permitted under this Order.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATION

A.      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's scheduling order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the

litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within five (5) business days of the date of service of notice. In conferring, the Designating Party must explain the basis for the chosen designation.

C. <u>Judicial Intervention</u>. Should counsel find they are unable to resolve a dispute relating to the propriety of a confidentiality designation, any Party may, within five (5) business days after the Parties' meet and confer, contact the Court to schedule a conference/argument pursuant to Section II.D.2 of this Court's Policies and Procedures.

D. No challenge to the propriety of a confidentiality designation shall have the effect of removing a designation, and the Document or Disclosure or Discovery Material at issue shall continue to be treated as Confidential Information unless and until the Court specifically orders otherwise or the Designating Party removes the confidentiality designation and notifies the Challenging Party of such de-designation.

## VII. **DISCLOSURE**

A. If Confidential Information is disclosed to any person other than one entitled to disclosure under this Order by those persons set forth above, the Party or counsel responsible for the disclosure shall immediately upon learning of such disclosure inform counsel for the Parties of the pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this

Order, duplication of, access to and distribution of Confidential Information, Documents, or Disclosure or Discovery Material under the terms of this Order.

B.      Dissemination to any individuals listed in Section V.D. (6) (deponents), (7) (witnesses), and (9) (experts) shall occur only after such person has signed an Acknowledgment stating that he/she/they: (a) has read this Order; (b) has discussed it with counsel for the Party who has retained said individual or is making such disclosure, or with independent counsel; and (c) agrees to be bound by this Order. The Acknowledgment, in the form attached hereto as Exhibit A, shall be signed by the person to whom the Confidential Information will be disseminated, and a copy of the Acknowledgment shall be retained by counsel obtaining such signature and making such disclosure.

C.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Confidential Information (the "Receiver"), the Receiver shall:

1.      Within five (5) business days of receipt of such subpoena or court order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

2.      Within five (5) business days of receipt of such subpoena or court order, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order;

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose CONFIDENTIAL designation or Confidential Information may be affected in order to advise the court from which the subpoena or

order issued that the Designating Party will be opposing the subpoena or court order. The burden of opposing the subpoena or court order will fall on the Designating Party.

4.    If the Designating Party timely seeks a protective order, the Receiver shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Receiver has obtained the Designating Party's permission. Nothing herein shall be construed as requiring the Receiver to challenge or appeal any determination by the court from which the subpoena or order issued requiring production of Confidential Information covered by this Order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any determination by the court from which the subpoena or order issued — not being timely challenged or appealed by the Designating Party — directing production pursuant to a subpoena or court order will not constitute violation of this Order.

## VIII.    <u>INADVERTENT PRIVILEGE DISCLOSURE</u>

A.    The Parties intend that this section provides all the protections afforded by Federal Rule of Evidence 502 and further imposes the obligations of Federal Rule of Civil Procedure 26(b)(5)(B) on the Receiving Party.

B.    The inadvertent production or disclosure during discovery of a Document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party in this or any subsequent state or federal proceeding.

C.    Where it is reasonably apparent to the Receiving Party that Privileged Material was inadvertently sent or produced, and the attorney for the Receiving Party knows or

11

reasonably should know that the Privileged Material is privileged or subject to the work-product doctrine, the Receiving Party and its attorneys shall: (a) refrain from examining the Privileged Material any more than is necessary to determine that it is privileged or subject to the work-product doctrine, and (b) promptly notify the Producing Party in writing.

D.      Within three (3) business days of receipt of notice by any Party that Privileged Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Privileged Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the Producing Party and shall delete such material from any medium.

E.      In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Privileged Material, which shall then be segregated and destroyed.

## IX.    **MISCELLANEOUS PROVISIONS**

A.      By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

B.      This Order contemplates that the Parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

C.      If any Party identifies Confidential Information designated by a Non-Party as an exhibit under Eastern District of Pennsylvania Local Civil Rule 16.1, that Party shall provide

written notice of such identification to the Designating Party on the date set forth in This Court's Scheduling Order. Any Designating Party that agrees to be bound by this Order shall have standing to contest the public disclosure of Confidential Information at trial.

D.      The foregoing is entirely without prejudice to the right of any Party or Non-Party to apply to the Court for any further Protective Order relating to Confidential Information; object to the production of Documents or information; apply to the Court for an order compelling production of Documents or information; or seek modification of this Order. The fact that a Party or Non-Party entered into this Order may not be raised as a defense to or argument against any such motion.

E.      The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

F.      The section and subsection headings in this Order are for convenience and ease of reference only and shall not affect the meaning, interpretation, or scope of any provision of this Order.

**MacMAIN LEINHAUSER PC**

Dated: May 20, 2026        By:     */s/ Brian C. Conley*
                                   David J. MacMain
                                   Brian C. Conley
                                   Attorney I.D. Nos. 59320/311372
                                   433 W. Market Street, Suite 200
                                   West Chester, PA 19382
                                   *Attorneys for Defendant City of Allentown*

**HOFFMAN & HLAVAC**

                          By:     */s/ Steven E. Hoffman*
                                   Steven E. Hoffman
                                   1605 North Cedar Crest Blvd., Suite 509
                                   Allentown, PA 18104
                                   *Attorneys for Defendants Dean Flyte and*
                                   *Christopher Stephenson*

**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION**

By:    */s/ Zachary T. Silver*
       Zachary T. Silver (*pro hac vice*)
       Colin P. McDonell
       James C. Grant *(pro hac vice)*
       FOUNDATION FOR INDIVIDUAL
       RIGHTS AND EXPRESSION
       P.O. Box 40128
       Philadelphia, PA 19106
       *Attorneys for Plaintiff*

**IT IS SO ORDERED**, this _____ day of _____, 2026.

THE HONORABLE JEFFREY L. SCHMEHL

14

**EXHIBIT A**

**ACKNOWLEDGEMENT AND CONSENT
TO BE BOUND BY CONFIDENTIALITY STIPULATION AND ORDER**

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Stipulation and Order ("Order") that was issued by the United States District Court for the Eastern District of Pennsylvania in *Phillip Rishel v. City of Allentown, et al*., Case No. 5:25-CV-03779 (E.D. Pa.) (the "Action"). I have also discussed the Order with counsel for the party who is making such disclosure or with independent counsel. I agree to comply with and to be bound by all the terms of this Order. I further agree not to disclose or use any Confidential Information (as defined in the Order) for purposes other than those permitted under the Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.


_____          _____
Date                                              Signature


                                                 _____
                                                 Printed Name


15

## <u>CERTIFICATE OF SERVICE</u>

I, Brian  C. Conley, Esquire, hereby certify that on the 20th day of May, 2026, the

foregoing *Confidentiality Stipulation and Proposed Order* was filed electronically and is

available for viewing and downloading from the Court's ECF System; a copy was served upon

the following parties of record via ECF notification:

Colin P. McDonell, Esquire
James C. Grant, Esquire *(pro hac vice)*
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
P.O. Box 40128
Philadelphia, PA 19106
*Attorneys for Plaintiff*

Zachary T. Silver, Esquire *(pro hac vice)*
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
*Attorney for Plaintiff*

Steven E. Hoffman, Esquire
HOFFMAN & HLAVAC
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA 18104
*Attorney for Defendants, Dean Flyte and Christopher Stephenson*

**MacMAIN LEINHAUSER PC**

By:     */s/ Brian C. Conley*
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
484-318-7106
bconley@macmainlaw.com
*Attorney for Defendant City of Allentown*